**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

-v-                                    CASE NO: 2:06-CR-042
                                             JUDGE SMITH

**MARSHALL SANDERS,**

                                                   *Expedited Action Docket*

      Defendant.

## ORDER ON SECOND MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on Defendant Marshall Sanders' Second Motion to Reduce Sentence pursuant to 18 U.S.C. §3582(c)(2) in an "Agreed Disposition Case", filed October 31, 2011 (Doc. 40). Defendant Sanders pled guilty to Count 3 of the Indictment charging him with possession with the intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. §841(a)(1) and §841(b)(2)(B)(iii). Defendant was originally sentenced on January 29, 2007 to 121 months incarceration, based on a base offense level of 31, with a criminal history category II, the advisory guideline sentencing range was 121 to 151 months.

Defendant's base offense level was reduced two levels from a 31 to a 29 after the November 1, 2007 crack amendment was retroactively applied to his case. When combined with Defendant's criminal history category II, the new advisory sentencing guideline range was 97 to 121 months. Defendant's sentence was reduced to 97 months. (*See* Doc. 39).

On November 1, 2010, as part of the congressional directive embedded in the Fair Sentencing Act of 2010, the United States Sentencing Commission promulgated Guideline Amendment 748 which calibrated the crack cocaine guidelines of §2D1.1 to an 18:1 ratio. On June 30, 2011, the Commission promulgated Guideline Amendment 750 which effectively amended U.S.S.G. §1B1.10 to authorize the retroactive application of Guideline Amendment 748 to all defendants who are serving crack sentences as long as they meet certain eligibility criteria.

The United States Attorney's office, the Federal Public Defender, and the Probation Department met to consider the merits of Defendant's case. All agreed to recommend that Defendant has met the Commission's eligibility requirements for the retroactive application of Guideline Amendment 748 to his case. After the November 1, 2010 crack amendment is retroactively applied to Defendant's case, the base offense level is reduced from a 29 to a 25, combined with his criminal history category, the new advisory sentencing guideline range is 63 to 78 months. The parties jointly recommend that the Court reduce Defendant's sentence to 63 months.

Whether to grant a reduction of sentence pursuant to §3582(c)(2) is within the discretion of the court. *United States v. Ursery*, 109 F.3d 1129, 1137 (6th Cir. 1997). Although a defendant may qualify for a reduction in sentence, a reduction is not automatic. *See United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary."). In considering whether a reduced sentence is appropriate, this court must consider the factors in 18 U.S.C. §3553(a) to the extent that they are applicable. *See* §3582(c)(2).

Upon consideration of Defendant's motion, the statutory sentencing factors set forth in §3553(a), and the joint recommendation of the parties, the Court concludes that a reduction of Defendant's term of incarceration is appropriate in light of the reduction in the applicable guideline range. The sentence of 97 months incarceration previously imposed in this case is hereby reduced to a term of incarceration of 63 months. This reduction in sentence is within the amended guideline range.

Except as provided above, all other provisions of the judgment previously entered in this case shall remain in effect.

The Clerk shall remove Document 40 from the Court's pending motion's list.

**IT IS SO ORDERED.**

         */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**

*Order Date: November 2, 2011*
*Effective Date: November 11, 2011*